**R–D MOUNTS, INC.**

v.

**The UNITED STATES.**

**No. 42–81C.**

United States Claims Court.

April 20, 1983.

Jerry R. Goldstein, Bethesda, Md., for plaintiff.

Margaret E. McCloskey, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

WOOD, Judge:

The complaint in this contract action sets forth a number of separate claims having as their common genesis a termination for default subsequently converted, by mutual agreement, into a termination for convenience.

Plaintiff's first claim is that in terminating a 1969 contract with plaintiff (Navy Contract N00104–69–D–0345, hereinafter contract 0345) for default in 1970, defendant breached the said contract, to plaintiff's detriment. Plaintiff alleges that as a direct result of the breach it was "forced to default on all of its other contracts [and] to go out of business * * *," that it suffered "the loss of profits on the 0345 and its other contracts as well as other extensive damages * * *," and that it "has not been able to re-establish itself as an ongoing business * * *."

Plaintiff's second claim is that a 1975 decision by the Armed Services Board of Contract Appeals (*R–D Mounts, Inc.,* ASBCA Nos. 17422, 17668, 17669, 75–1 BCA ¶ 11,077 (1975), *recon. denied,* 75–1 BCA ¶ 11,237 (1975)) as to the amount of reimbursable costs due plaintiff following the conversion of a number of default terminations of contracts between plaintiff and defendant (including contract 0345) to terminations for convenience of the government (*see R–D Mounts, Inc.,* ASBCA Nos. 14827, 14863, 14864, 14999, 15071, 15358, 71–1 BCA ¶ 8643 (1970), *recon. denied,* 71–1 BCA ¶ 8725 (1970); *R–D Mounts, Inc.,* ASBCA No. 15340, 71–1 BCA ¶ 8623 (1970)) is "arbitrary and capricious, not supported by substantial evidence, and erroneous in law," and therefore not entitled to finality under the familiar standards of the Wunderlich Act, 41 U.S.C. §§ 321–22 (1976).

Finally, plaintiff's complaint alleges that in 1969 and 1970, in consequence of "an unwarranted unfavorable rating on [defendant's] Contractor Experience List (CEL)," plaintiff failed to receive awards of a number of government contracts on which it was low bidder, "thereby suffering additional damages."

Defendant has moved for summary judgment, asserting that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. More specifically, defendant contends; (1) that any breach claims asserted herein are barred by a release (hereinafter described), or are otherwise devoid of merit; (2) that the 1975 administrative determinations challenged in plaintiff's complaint are entitled to finality; and (3) that any claim based on an alleged improper rating of plaintiff on the Contractor Experience List is, all else aside, time-barred.

Plaintiff does not respond directly to the government's finality contention, suggesting only that its "Wunderlich claim be deferred pending resolution of the breach of contract claim." Plaintiff does contend that it is not precluded from asserting a claim of breach of contract 0345 herein, that its claim for breach should be "set

down for trial on the issues of liability and damages * * *," and that its improper rating claim is not barred by limitations.

Upon consideration of the pleadings, the administrative record, and the briefs and oral arguments of the parties, it is concluded that defendant's motion for summary judgment should be granted, and that plaintiff's complaint should be dismissed.

## I

The 1970 Board decisions cited above involved several contracts between plaintiff and defendant that had been terminated for default in late 1969 and early 1970. On appeal, the Board held in December 1970 that the government's termination of contract 0345 for default had been "premature and as such unjustified," that the improper termination "and its consequences [had been] directly responsible for the default terminations in the subject appeals," and that plaintiff's "defaults" were accordingly "legally excusable defaults caused by improper Government action." *R–D Mounts, Inc., supra*, 71–1 BCA ¶ 8643 at 40,170. The cases were thereupon remanded to the respective contracting officers for further action under the Termination for Convenience clauses of the respective contracts. *Ibid.*

In the meantime plaintiff had also appealed to the Board both the default termination of contract 0345 and an assessment of excess costs of reprocurement in connection therewith. *R.D. Mounts, Inc., supra*, 71–1 BCA ¶ 8643 at 40,169. On April 26, 1970, prior to the administrative decisions just described, plaintiff and the Department of the Navy had entered into a settlement agreement withdrawing the default termination of contract 0345 and converting it into a termination for convenience, revoking the assessment of the excess costs of reprocurement against plaintiff, and providing that the reimbursable costs due plaintiff would be determined pursuant to contract 0345's Termination for Convenience clause.[1]

The settlement agreement pertaining to contract 0345, embodied in a formal contract modification, provided in pertinent part as follows:

* * * the parties hereto intending to be legally bound hereby, mutually agree as follows:

ARTICLE 4. The Contractor * * * hereby releases the Government * * * from any and all claims, liens, and causes of action * * * which have arisen or may arise out of, or by virtue of, or in connection with, the Contract, including, but not limited to, any relating to contract performance, the aforesaid termination for default, the assessment of excess costs, and the appeal. * * * [T]he Contractor does not waive or release any claims or defense not arising out of Contract * * * [0345]. The Contractor specifically reserves the right to maintain all claims for damages and all defenses arising out of the alleged failure of the Government to make timely progress payments on Contract * * * [0345] insofar as the said alleged failure may have prevented the Contractor from performing work on contracts other than Contract * * * [0345] * * *.

## II

The essence of plaintiff's "breach of contract claim" is that the settlement agreement converting the default termination of contract 0345 into one for convenience of the government expressly reserved the right to assert a claim of breach of contract; that the default termination amounted to a breach; and that the facts (as plaintiff sees them) "clearly show bad faith and an abuse of discretion, as well as a cardinal change in the contract," and thus in any event establish a governmental breach of contract 0345.

In plaintiff's words, " * * *, defendant breached the 0345 contract with R–D Mounts through its wrongful default termination for which a breach claim was preserved in the [1970 settlement agreement],

---

1. The amount of such reimbursement under contract 0345 was ultimately resolved, adminis-
tratively, in *R–D Mounts, Inc., supra*, 75–1 BCA ¶ 11,077 at 52,733–42.

and also through its numerous acts of bad faith and abuse of discretion * * *," and by interpreting contract 0345 so as to effect "a cardinal change" in its terms. Defendant's position is that the provisions of Article 4 of the April 26, 1970, contract modification, quoted *supra*, effectively preclude these arguments. To put it succinctly, defendant is right.

By the plain words of the April 26, 1970, agreement, plaintiff released "any and all claims * * * and causes of action" that had arisen, or might arise, out of, by virtue of, or in connection with, contract 0345, including any and all claims "relating to contract performance, the aforesaid termination for default, the assessment of excess costs, and the appeal."

█ While the settlement agreement did provide that claims *not* arising out of contract 0345, and claims that an alleged failure to make timely progress payments on contract 0345 may have adversely affected the performance of *other* contracts, were not waived or released, any and all claims relating to contract 0345 itself were manifestly intended to be, and were, within the purview of the agreement. *Fisher v. United States*, 221 Ct.Cl. 316, 321–24, 608 F.2d 435, 439–40 (1979) and cases there cited; *see also B.D. Click Co. v. United States*, 222 Ct.Cl. 290, 305, 614 F.2d 748, 756 (1980). Plaintiff's naked assertion to the contrary is an unjustified one.

In entering into the agreement in 1970, and by accepting its benefits, plaintiff expressly waived and released without any relevant exception *all* claims relating to contract 0345, including those asserted herein. Allegations of a wrongful default termination of contract 0345, government bad faith or abuses of discretion in the course of its performance, or an "alteration in the undertaking of the contractor" during its performance simply cannot survive the unconditional release. *Fisher v. United States, supra.* Put otherwise, absent some

vitiating circumstance (not here even alleged, much less shown), plaintiff "cannot thereafter successfully maintain a suit * * based upon events which occurred prior to the execution of the release." *Inland Empire Builders, Inc. v. United States*, 191 Ct.Cl. 742, 752, 424 F.2d 1370, 1376 (1970), quoted in *Fisher v. United States, supra.*

In holding that a plaintiff was precluded by its unconditional agreement to a contract modification from any further recovery, the United States Court of Claims aptly observed that in its most common pattern an accord and satisfaction is "a mutual agreement between the parties in which one pays or performs and the other accepts payment or performance in satisfaction of a claim or demand which is a bona fide dispute." *Brock & Blevins Co., Inc., v. United States*, 170 Ct.Cl. 52, 59, 343 F.2d 951, 955 (1965) (quoting *Nevada Half Moon Mining Co. v. Combined Metals Reduction Co.*, 176 F.2d 73, 76 (10th Cir.1949), *cert. denied*, 338 U.S. 943, 70 S.Ct. 429, 94 L.Ed. 581 (1950)); *see also Cannon Constr. Co. v. United States*, 162 Ct.Cl. 94, 105, 319 F.2d 173, 179 (1963) (compromise settlement embodied in contract modification held a bar to a claim for damages for breach of contract).

█ In general terms, where an improper default termination has been subsequently converted into a termination for convenience of the government pursuant to a contract's Termination for Convenience clause, "it is very plain under our decisions that the administrative remedy is the only one available to the contractor." *William Green Constr. Co. v. United States*, 201 Ct.Cl. 616, 622, 477 F.2d 930, 934 (1973), *cert. denied*, 417 U.S. 909, 94 S.Ct. 2606, 41 L.Ed.2d 213 (1974); *see also Kisco Co. v. United States*, 221 Ct.Cl. 806, 829, 610 F.2d 742, 755 (1979); *Inland Container, Inc. v. United States*, 206 Ct.Cl. 478, 512 F.2d 1073 (1975).[2] Assuming, however, that the right to claim a breach of contract 0345 might have survived the April 26, 1970, agreement

---

**2.** While *Kisco* suggests that a different result might obtain "where the contracting officer attempted to terminate the contract in bad faith or * * * abused his discretion," *Kisco* did not involve a settlement agreement between the parties explicitly releasing *all* claims arising out of the termination. *Ibid.*, 221 Ct.Cl. at 829, 610 F.2d at 755.

had such a claim been reserved, there plainly is no such right extant here, where *all* claims based on the default termination were explicitly released as one condition of that agreement. *Fisher v. United States, supra,* 221 Ct.Cl. at 321–22, 608 F.2d at 439; *Brock & Blevins Co., Inc. v. United States, supra.*

The vague, amorphous, and entirely unsupported generalizations concerning bad faith in plaintiff's brief furnish no basis for either a different conclusion or a factual exploration by trial. Whatever actions plaintiff now would say prove bad faith or abuse of discretion occurred well prior to April 26, 1970, and cannot fairly be said to serve as the basis for a cause of action for breach of contract 0345 thereafter. *Fisher v. United States, supra.* Nor does the "cardinal change" argument survive as such a basis. *Ibid.*

In light of the foregoing, and on the material facts concerning which there can be and is no genuine dispute, plaintiff's claim of breach of contract 0345 is barred by its release of any and all such claims. Defendant is accordingly entitled to judgment dismissing that claim as a matter of law.

### III

In moving for summary judgment with respect to plaintiff's Wunderlich Act review claim, defendant contends that the Board's 1975 decisions are entitled to finality. That contention too must be sustained.

The decisions under review are challenged in plaintiff's complaint as arbitrary, capricious, and unsupported by substantial evidence "to the extent that [they] [f]ailed to allow the full amount sought" by plaintiff as reimbursable costs under the Termination for Convenience clauses of two contracts (Contract 0345 and Contract M00150–68–C–0651).[3] Defendant urges that the

Board's findings as to the amounts due plaintiff are in no way defective under Wunderlich Act standards, and are therefore final and conclusive.

■ In response, plaintiff's brief simply suggests, without more, that its "Wunderlich Act claim [should] be deferred pending resolution of the breach of contract claim." Plaintiff proffers no specific legal contentions in support of the allegation in its complaint that the Board's 1975 decisions were legally erroneous, nor does it indicate by reference to the administrative record or otherwise how or in what respects the Board's decisions as to the amounts due plaintiff as reimbursable costs are arbitrary, capricious, or lacking in proper evidentiary support. In these circumstances, so much of this action as seeks a Wunderlich Act review is, if not abandoned[4], in any event held to be subject to dismissal on the pleadings, and the briefs and arguments of the parties, presently before the court. *Robert L. Guyler Co. v. United States,* 219 Ct.Cl. 403, 411, 593 F.2d 406, 411, *cert. denied,* 444 U.S. 843, 100 S.Ct. 85, 62 L.Ed.2d 55, *reh. denied,* 444 U.S. 957 (1979); *Gross v. United States,* 205 Ct.Cl. 605, 612–13, 505 F.2d 1271, 1275–76 (1974); *Sundstrand Turbo v. United States,* 182 Ct.Cl. 31, 59–61, 389 F.2d 406, 422 (1968); *see also United Contractors v. United States,* 177 Ct.Cl. 151, 177–79, 368 F.2d 585, 604–06 (1966).

### IV

There remains for consideration plaintiff's allegation that, because of an "unwarranted unfavorable rating on its Contractor Experience List (CEL)" given to plaintiff by defendant, plaintiff suffered "additional damages" in 1969 and 1970 by its failure to receive awards of government contracts on which, plaintiff asserts, it was low bidder. Defendant contends that, all else aside, this claim is barred by limitations. While plain-

---

**3.** At oral argument, plaintiff explicitly withdrew all such claims under Contract M00150–68–C–0651.

**4.** *See Webco Lumber, Inc. v. United States,* 230 Ct.Cl. ——, ——, 677 F.2d 860, 864 (1982); *Fisher v. United States, supra; Ulman v. United*

*States,* 214 Ct.Cl. 308, 314, 558 F.2d 1, 4 (1977). Simply suggesting, on brief, that resolution of an issue involved in a pending dispositive motion be deferred is tantamount to abandonment.

tiff contends otherwise, plaintiff's argument in support thereof is unpersuasive.

■ It is doubtful that the claim asserted is one within the jurisdiction of this court. *Cf. Bobbi's Decorating & Renovation Co. v. United States,* 218 Ct.Cl. 653, 655 (1978). That question, however, may be and is pretermitted. Any claim based on an allegedly improper rating accrued no later than 1970, and is thus time-barred. *Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 632–33, 373 F.2d 356, 358 (1967), *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967); *reh. denied,* 390 U.S. 975, 88 S.Ct. 1020, 19 L.Ed.2d 1192 (1968); *Baer v. United States,* 164 Ct.Cl. 447 (1964), *cert. denied,* 379 U.S. 878, 85 S.Ct. 145, 13 L.Ed.2d 86 (1964); *cf. Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 240–41, 368 F.2d 847, 851–52 (1966). There is no basis whatever for holding that plaintiff's administrative pursuit of the question of the amounts due it under the Termination for Convenience clauses of certain government contracts plaintiff *had* been awarded somehow extended the period of limitations for bringing suit on an entirely separate governmental action. *Ibid.; William Green Constr. Co. v. United States, supra,* 201 Ct.Cl. at 623, 477 F.2d at 934–35.

### V

For the reasons and under the authorities above appearing, defendant is entitled to summary judgment. Plaintiff's complaint will be dismissed pursuant to Rule 58.